IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 3DD LLC, <br><br> Plaintiff, <br><br> v. <br><br> Creative Visions, Inc., <br><br> Defendant. | Case No. 20-cv-03462 <br><br> Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff 3DD LLC brings this action against Defendant Creative Visions, Inc. alleging breach of contract and unjust enrichment. The defendant moves to dismiss the complaint for improper venue. Alternatively, Creative Visions moves to have the case transferred. For reasons stated herein, the defendant's motions to dismiss for lack of jurisdiction or to transfer jurisdiction [7 & 8] are denied.

### I. Background

The following factual allegations are taken from the Complaint (Dkt. 1-2) and are accepted as true for the purposes of the motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

3DD brings this lawsuit against Creative Visions alleging breach of contract and unjust enrichment arising from a dispute over payments related to a canceled cruise. 3DD is a limited liability company located in Illinois. Dkt. 1-2 ¶ 2. 3DD has extensive experience in planning corporate events on cruise ships. *Id.* at ¶ 3. Creative Visions is a North Carolina corporation specializing in event planning. *Id.* at ¶ 4-5.

1

Creative Visions was hired by Symmetry Financial Group, a North Carolina company, to plan a corporate event. *Id.* at ¶ 9. In April 2018, Creative Visions contacted 3DD to plan a charter cruise for Symmetry. *Id*. As part of that process, 3DD introduced Creative Visions to SeaReg, an Illinois company specializing in cruise registration software. Pl. Reply, Dkt. 24, 3. 3DD and Creative Visions negotiated a deal through phone calls and email for about a month. *Id*. Through the three firms' efforts, Symmetry chartered a cruise ship from Royal Caribbean Cruise Line. Dkt. 1-2, ¶ 11.

Royal Caribbean agreed to pay a commission to 3DD, Creative Visions, and SeaReg for their work in securing the charter. *Id.* at ¶ 12. For its work, Creative Visions demanded a higher commission than the industry standard. *Id.* at ¶ 15. 3DD negotiated with Creative Visions on the amount of the commissions and finally determined the total value and structure of the payment. *Id.* at ¶ 18. The commission was paid in advance of the cruise. *Id.* at ¶ 17. For Creative Visions' commission, Royal Caribbean sent the money to 3DD, who then forwarded it on to Creative Visions. *Id.* at ¶ 23. Creative Vision's total commission was $381,609. *Id.* According to 3DD, although the commissions were prepaid, it was understood industry practice that the commission still had to be "earned." *Id.* at ¶ 19. If the cruise did not end up taking place, the commissions would have to be returned. *Id.* The cruise was to occur in April 2020. Dkt. 1-2, Ex. B, 1.

As with so many things, this plan was upended by the COVID-19 pandemic. The cruise was cancelled, and Symmetry was refunded. Dkt. 1-2, ¶ 27. Royal Caribbean

2

demanded that the commissions given to 3DD be repaid. *Id.* at ¶ 28. 3DD and SeaReg both repaid their commissions. *Id.* at ¶ 29. Creative Visions, however, refused on the grounds that its payment had been a "referral fee" not subject to refund. *Id.* at ¶¶ 30, 33.

In response, 3DD filed this suit on March 5, 2020 in the Circuit Court of Cook County. *Id.* Creative Visions then removed the case to federal court.

## II. Standard

Under Rule 12(b)(3), a party may move to dismiss a claim for improper venue. Fed. R. Civ. P. 12(b)(3). It is the plaintiff's responsibility to establish that venue is proper. *Playboy Enterprises Int'l, Inc. v. Smartitan (Singapore) PTE Ltd.*, 804 F. Supp. 2d 730, 737 (N.D. Ill. 2011). At this stage, the Court takes all well-pleaded facts alleged in the complaint as true and resolves all factual disputes in the plaintiff's favor. *Id.* The Court may also examine facts outside the complaint. *Id.*

## III. Analysis

Creative Visions has moved to dismiss or transfer the case for improper venue. Alternatively, if this Court finds that venue is proper, the defendant requests that the case be transferred to the Eastern District of North Carolina for the convenience of the parties and the witnesses. The Court considers first whether it is a proper venue for the dispute and then whether a transfer would be appropriate.

### A. This Court Is a Proper Venue for this Dispute

Venue is governed by 28 U.S.C. § 1391. The statute states that venue is proper where, among other situations, the action has been brought in "a judicial district in

which any defendant resides." 28 U.S.C. § 1391(b)(1). An institutional defendant is in turn defined as residing "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* (c)(2).

The dispositive question, then, is whether this Court has personal jurisdiction over Creative Visions in this dispute. Absent a federal statute specifying otherwise, personal jurisdiction is governed by the law of the forum state. Fed. R. Civ. P. 4(k)(1)(A). The Illinois long-arm statute extends jurisdiction as far as is permitted by the Fourteenth Amendment's Due Process Clause. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). The defendant need not have been physically present in the forum state for jurisdiction to satisfy due process. *Walden v. Fiore*, 571 U.S. 277, 283 (2014). Instead, "[t]he key question is . . . whether the defendants have sufficient 'minimum contacts' with Illinois such that the maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 700-01 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Personal jurisdiction is established in one of two ways: general or specific jurisdiction. *Id*. Here, we focus on specific jurisdiction.

In evaluating whether it has specific jurisdiction over a defendant, the Court must find "three essential requirements." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012).

> First, the defendant's contacts with the forum state must show that it "purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state." Second, the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities. And finally, any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice. *Lexington Ins. Co.*

4

*v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019) (quoting *Felland*, 682 F.3d at 673).

In practice, the analysis of breach of contracts cases "generally turns on whether the defendant purposefully availed himself of the privilege of conducting business in the forum state." *Felland v. Clifton*, 682 F.3d 665, 674 (7th Cir. 2012).

To determine whether the defendant purposefully availed itself of Illinois, this Court looks to several factors including where the contact was negotiated; where payment was made; whether the defendant visited the state; whether the defendant initiated the transaction; and whether there were telephone calls into or out of Illinois. *Tata Int'l Metals, (Americas) Ltd. v. Kurt Orban Partners*, LLC, No. 19 C 4487, 2020 WL 5056398, at *3 (N.D. Ill. Aug. 27, 2020). Importantly, "[n]one of these factors alone is necessarily sufficient for the court to exercise personal jurisdiction, but each is relevant and can support an exercise of jurisdiction." *AS Engine Leasing, LLC v. Vision Airlines, Inc.*, No. 14 C 1436, 2014 WL 6461760, at *3 (N.D. Ill. Nov. 18, 2014). When a defendant "seeks out contacts with the forum resident, initiates negotiations, and actively pursues them" in their forum, that can be enough to establish personal jurisdiction. *ABN AMRO, Inc. v. Capital Int'l Ltd.*, 595 F. Supp. 2d 805, 827 (N.D. Ill. 2008).

In this case, Creative Visions affirmatively reached out to 3DD, an Illinois company, to charter a cruise. They engaged in extended negotiations over phone and email to arrange the cruise. 3DD and Creative Visions communicated over their requested commission and the structure of payments. Royal Caribbean made payments to 3DD in Illinois that 3DD then sent on to Creative Visions in North

5

Carolina. While it is true that no employee of Creative Visions physically visited Illinois, they negotiated a complicated and valuable business deal with an Illinois firm through email and the telephone. A holistic analysis finds that Creative Visions "purposefully availed" itself of Illinois.

The same analysis also resolves the second and third requirements for specific jurisdiction. 3DD alleges that they were injured by Creative Visions breach of contract. The contract existed in the first place because Creative Visions actively reached out to an Illinois firm and conducted detailed negotiations. Without Creative Visions forum-related activities, there would be no cause of action today. And given Creative Visions decision to solicit and negotiate an agreement with an Illinois firm, jurisdiction here is consistent with fair play and substantial justice.

Given that this Court can properly exercise personal jurisdiction over this suit, Creative Visions is considered a "resident" of Illinois for the venue statute. As a result, this Court is a proper venue for the dispute. Neither dismissal nor transfer are required. The Court next considers whether transfer to another court would be appropriate for the convenience of the parties and witnesses.

### B. The Public and Private Interests Do Not Support Transferring this Case

28 U.S.C. § 1404(a) permits district courts to transfer civil cases to other districts where venue would be appropriate "for the convenience of the parties and witnesses." Transferring a case under § 1404(a) is proper if the moving party establishes that: 1) the transferor district is a proper venue; 2) the transferee district is a proper venue and has jurisdiction; and 3) transferring the case serves the interest of justice and

the convenience of the parties and witnesses. *Medi USA v. Jobst Inst.*, Inc., 791 F. Supp. 208, 210 (N.D. Ill. 1992). "District courts have broad discretion to grant or deny" such a motion. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

In the previous section, we established that this Court is a proper venue to hear this case. Neither party disputes that the Eastern District of North Carolina could also properly hear the case. So, we consider whether transferring the case is in the interest of justice and convenience. In making that determination we consider the private and public interests at stake. *Medi USA*, 791 F. Supp. at 210. Among the private interests are:

> (1) plaintiff's choice of forum, (2) the situs of material events, (3) the relative ease of access to sources of proof in each forum including the court's power to compel the appearance of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses, (4) convenience to the parties—specifically, their respective residences and abilities to bear the expense of trial in a particular forum. *Id.*

The public interests include the desirability of resolving the dispute in a particular location and the court's familiarity with the applicable law. *Id.*

Both the public and private interests support keeping this case in the Northern District of Illinois. 3DD chose to bring suit in Illinois. While there is some dispute as to how much weight the plaintiff's choice of forum should be given, *compare Dunn v. Soo Line R. Co.*, 864 F. Supp. 64, 65 (N.D. Ill. 1994) ("plaintiff's choice in selecting forum is entitled to substantial weight") *with Black & Decker Corp. v. Vermont Am. Corp.*, 915 F. Supp. 933, 938 (N.D. Ill. 1995) ("a plaintiff's choice of forum must be given some weight"), it weighs in favor of retaining the case.

The location of the events does not support either location strongly. Creative Visions reached out to 3DD in Illinois to arrange for a charter cruise, but each party did their work and negotiated from their home state. The breach of contract is not substantially more connected to North Carolina than Illinois or vice versa. Creative Visions argues that the location factor supports a North Carolina venue because that is where they did their work and met with Symmetry about the project. But 3DD similarly did its work in Illinois and communicated with Royal Caribbean from there. This factor is not dispositive.

The third interest, ease of access to witnesses, is similarly neutral. In their filings and affidavits, the plaintiffs have identified at least six people that may serve as witnesses in the case. Three of the individuals, the president of CVI, a former employee of CVI, and a member of Symmetry, live in North Carolina. William Foulkrod Aff., Dkt 8-1, 2. Two potential witnesses, the president of 3DD and a representative of SeaReg, are in Illinois. P. Resp., Dkt, 24, 13. And finally, one, another former employee of CVI, lives in Wisconsin. William Foulkrod Aff., Dkt 8-1, 2. Three witnesses are closer to the North Carolina court and three are closer to here. Witness convenience is thus also a neutral factor. The fourth factor does not move the needle either. Both parties need to pay for one or more of their employees to travel for the litigation, and there is no indication that either could not afford to do so.

Given the even balance in most of the other factors, we are inclined to defer to the plaintiff's choice of forum. The private interests thus modestly support keeping the case in this Court. This private interest is reinforced by the public interest. Neither

8

community has a particular interest in resolving the dispute locally. Familiarity with the law, however, also supports retaining the case. Following a § 1404(a) transfer, the transferee court is still required to apply the choice-of-law rules of the original forum states. *Ferens v. John Deere Co.*, 494 U.S. 516, 525 (1990). The Eastern District of North Carolina would have to apply Illinois choice-of-law rules to determine the applicable law to resolve this breach of contract action. The potential result is that the court would have to interpret and apply Illinois contract law. *See Hinc v. Lime-O-Sol Co.*, 382 F.3d 716, 719 (7th Cir. 2004). While the Eastern District of North Carolina is doubtless up to the task, this Court's greater familiarity with Illinois choice-of-law analysis and substantive law support retaining jurisdiction. Creative Visions' motion to transfer venue is denied.

### IV. Conclusion

For the stated reasons, the defendant's motions to dismiss for lack of jurisdiction or to transfer jurisdiction are denied.

E N T E R:

Dated: January 11, 2021

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge